UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X   Case No.
EMILIO GONZALEZ,

                        Plaintiff

                                                  JURY TRIAL
-against-                                             DEMANDED

THE CITY OF NEW YORK, SEUNGHWAN KIM,
JAMES COX, KATHERINE REILLY, and MARIA
MAGLIO-SCOTTI, in the respective personal and
Official capacities,

                        Defendants
------------------------------------------------------------------ X   **COMPLAINT**

    Plaintiff, EMILIO GONZALEZ, by his attorneys, LAW OFFICES OF K.C. OKOLI,

P.C., complaining of the defendants, alleges as follows:


JURISDICTION AND VENUE

1. This is an action for money damages and injunction. This action arises under 42 U.S.C. §1981, as amended by the Civil Rights Act of 1991, 42 U.S.C. §1983, the United States Constitution, the New York State Constitution, New York City Human Rights Law ("NYCHRL"), §8-107 et seq., and New York Civil Service Law ("Civ. S. L"), §75-b, et seq.

2. Venue is proper in this district based upon the fact that the events or omissions which give rise to the claims asserted herein occurred within the Southern District of New York.

3. This Court has federal question jurisdiction pursuant to 28 U.S.C. §§1331 and 1343.

4. This Court has supplemental jurisdiction over the causes of action asserted in this action under the local laws of the City and State of New York.

5. At all times relevant to this action, the individual defendants named herein were acting under color of law as employees of the City of New York.

## PARTIES

6. Plaintiff, EMILIO GONZALEZ ("GONZALEZ"), is an employee of the defendant, CITY OF NEW YORK ("CITY ").

7. GONZALEZ is a Hispanic American male.

8. At all times relevant to this action, GONZALEZ was employed in the Office of the Comptroller of the City of New York ("Comptroller's Office"), in the Bureau of Law and Adjustment.

9. The CITY is a municipality organized and existing under and by virtue of the laws of the State of New York.

10. The Comptroller's Office is an administrative department within the government of the CITY.

11. At all times relevant to this action, defendant Seunghwan Kim ("KIM") was an employee in the Comptroller's Office with supervisory authority over GONZALEZ.

12. KIM is a male who appears to be of Asian descent.

13. At all times relevant to this action, defendant James Cox ("COX") was an employee of the Comptroller's Office.

14. COX is a White male.

15. At all times relevant to this action, defendant Katherine Reilly ("REILLY") was an employee of the Comptroller's Office.

16. REILLY is a White female.

17. At all times relevant to this action, defendant Maria Maglio-Scotti ("MAGLIO-SCOTTI") was an employee of the Comptroller's Office.

18. MAGLIO-SCOTTI is a White female.

## RELEVANT FACTS

19. At all times relevant to this action, GONZALEZ was more than 40 years of age.

20. GONZALEZ began working in the Comptroller's Office in or about December 2002.

21. Prior to his employment in the Comptroller's Office, GONZALEZ had worked as an Assistant District Attorney for the Kings County District Attorney's Office for many years.

22. From the time of KIM's appointment as Assistant Comptroller in the Comptroller's Office and 2016, GONZALEZ personally informed KIM that: a) the DOE team was intentionally altering dispositions to reflect high rates and speed of dispositions but he did nothing about it; b) DOE cases were being settled without liability or investigations and KIM said he did not care so long as the cases were moving.

23. KIM and the defendants wanted cases disposed of, not based on merit but upon political considerations which made the Comptroller look good in the eyes of his supporters. Most of the beneficiaries of these "political settlements or dispositions" were Caucasians or supporters of the Comptroller.

24. When GONZALEZ was promoted the Division Chief of the Property Damage Division in February 2015, KIM asked GONZALEZ to terminate that 'Black guy" in the Division (Luc Pierre) "because he was making more money than any of his colleagues in the Property Damage Division."

25. GONZALEZ observed the work ethic of Mr. Pierre and did not find anything amiss; GONZALEZ did not terminate Mr. Pierre because he felt it would be wrong to terminate him simply because he was "Black" and making more money than his colleagues.

26. On or about January 15, 2016, GONZALEZ was demoted from his Division Chief position with reduced salary and responsibility without any stated reason.

27. In his demoted position, GONZALEZ's responsibilities were lower than what they were when GONZALEZ began working in the Comptroller's Office in 2002.

28. GONZALEZ believes that he was demoted as Division Chief for a combination of reasons; he refused to settle claims based upon political considerations; he refused to settle claims without first evaluating damage repair estimates and without conducting complete investigations; and he would not terminate Luc Pierre as KIM had requested.

29. A White female, who was less qualified than GONZALEZ was placed in the position of Division Chief over GONZALEZ.

30. It was later discovered that William Kuehl ("Kuehl"), a White male, was inappropriately marking cases disposed of when they were not in fact disposed of to create high disposition statistics which was known to KIM.

31. Once Adam S. Karp became aware of Kuehl's practice, he stopped it, reassigned all of Kuehl's cases to be re-reviewed by other Division managers.

32. Kuehl was no longer permitted to settle any cases without supervision and approval but did not suffer any loss of salary or demotion.

33. On or about September 21, 2016, GONZALEZ filed an Internal Grievance against KIM, COX, REILLY, MAGLIO-SCOTTI and Scott M. Stringer.

34. On or about November 7, 2016, GONZALEZ filed an unlawful discrimination complaint with the United States Equal Employment Opportunity Commission ("EEOC"), against his supervisors at the Comptroller's Office.

35. On or about January 13, 2017, GONZALEZ filed an unlawful discrimination complaint against his supervisors and complained of corruption by member of the NYC Comptroller's Officer with the Department of Investigations of the City of New York.

36. Following the filing of the aforesaid complaints/charges by GONZALEZ, KIM, COX, REILLY and MAGLIO-SCOTTI began to act together and in concert to harass and intimidate GONZALEZ.

37. On or about February 13, 2017, within one month of the aforesaid corruption complaint, defendants filed charges of employment misconduct against

GONZALEZ based upon incidents which allegedly occurred between November 2, 2002 and November 20, 2016, a period of 14 years.

38. Defendants persist on taking GONZALEZ to trial at OATH for these incidents of alleged employment misconduct.

39. GONZALEZ has received a notice of right to sue letter dated August 23, 2017 from the EEOC.

40. For purposes of his claims pursuant to Title VII, GONZALEZ has exhausted his administrative remedies.

41. CITY is also responsible for the conduct and actions of the individual defendants in this action on the principle of *respondeat superior.*

AS AND FOR A FIRST CAUSE OF ACTION FOR
RACE DISCRIMINATION AND RETALIATION

42. Plaintiff repeats and realleges every allegation of paragraphs "1" through "41" as if specifically set forth herein.

43. KIM evinced his racial bias toward non-White, non-Asian people of color when he directed GONZALEZ to fire Luc Pierre whom he referred to as the "Black guy" in GONZALEZ's new Division.

44. When GONZALEZ declined to terminate Mr. Pierre, a competent worker, simply because he is "Black" and making more money than his colleagues, as directed by KIM, GONZALEZ was opposing unlawful race discrimination and engaging in protected activity.

45. By demoting GONZALEZ for refusing to be a willing tool for the defendants' racial discrimination, defendants discriminated against GONZALEZ and retaliated against him.

46. By reason of the foregoing, plaintiff has suffered loss and damage.

AS AND FOR A SECOND CAUSE OF ACTION
FOR UNLAWFUL RETALIATION

47. Plaintiff repeats and realleges each and every allegation of paragraphs "1" through "46" as if specifically set forth herein.

48. When GONZALEZ refused to settle claims based upon corrupt political considerations and brought the improper settlement of claims to the attention of KIM, GONZALEZ was engaging in protected activity and acting as a public employee whistle-blower.

49. By demoting GONZALEZ from his Division Chief position with reduced pay, defendants were retaliating against GONZALEZ in contravention of Civil Service Law, Section 75-b et seq.,

50. Defendants have continued to retaliate against GONZALEZ by charging him with incompetence before OATH, and seeking his termination from his employment.

51. By reason for the foregoing, plaintiff has suffered loss and damage.

AS AND FOR A THIRD CAUSE OF ACTION
FOR DISABILITY DISCRIMINATION AND UNLAWFUL RETALIATION

52. Plaintiff repeats and realleges each and every allegation of paragraphs "1" through "51" as if specifically set forth herein.

53. Between September 20, 2016 and January 13, 2017, when GONZALEZ filed an Internal Grievance, a discrimination complaint with the EEOC and a complaint with the Division of Investigations, GONZALEZ was engaging in protected activities.

54. By filing charges against GONZALEZ in February 2017 with OATH, for employment misconduct which included incidents that allegedly occurred in November 2002, defendants were attempting to intimidate GONZALEZ and retaliate against GONZALEZ for having engaged in protected activities.

55. At all times relevant to this complaint, GONZALEZ was disabled and sought leave of absence without pay, as an accommodation for his disability, to enable him fully to recover from his disability.

56. GONZALEZ would have been entitled to consideration for such leave of absence pursuant to Civil Service Law, Section 71 or 72.

57. Defendants refused to consider GONZALEZ for the aforesaid leave.

58. Defendants' conduct in refusing to consider GONZALEZ for such leave is retaliation for discrimination based upon his disability and retaliation for his engaging in protected activity.

59. By reason of the foregoing, plaintiff has suffered loss and damage.

60. Plaintiff demands a jury trial of all issues triable by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the following reliefs against the defendants:

a) On the First Cause of Action, compensatory damages in the sum FIVE MILLION DOLLARS ($5,000,000.00);

b) On the Second Cause of Action, compensatory damages in the sum of FIVE MILLION DOLLARS ($5,000,000.00);

c) On the Third Cause of Action, compensatory damages in the sum of FIVE MILLION DOLLARS ($5,000,000.00);

d) Punitive damages against the individual defendants;

e) Permanent injunction to restrain the defendants by themselves, their servants and/or agents from continuing to discriminate or retaliate against GONZALEZ;

f) Reasonable Attorneys' fees;

g) Costs and disbursements of this action;

h) Such further or other relief as to the court may see fit, just and equitable in the circumstances.

Dated:    New York, New York
          August 25, 2017

                                                  **LAW OFFICES OF K.C. OKOLI, P.C**.
Attorneys for Plaintiff
EMILIO GONZALEZ
330 Seventh Avenue
15th Floor
New York, New York 10001
(212) 564-8152

By: _____/s/_____
      K.C. OKOLI, ESQ.

**FOR SERVICE ON:**

ZACHARY W. CARTER
Corporation Counsel of the City of New York
NYC Law Department
100 Church Street
New York, New York 10007
*Attorney for the City of New York*

SEUNGHWAN KIM
Office of the Comptroller of the City of New York
1 Centre Street
New York, New York 10007

JAMES COX,
Office of the Comptroller of the City of New York
1 Centre Street
New York, New York 10007

KATHERINE REILLY
Office of the Comptroller of the City of New York
1 Centre Street
New York, New York 10007

MARIA MAGLIO-SCOTTI
Office of the Comptroller of the City of New York
1 Centre Street
New York, New York 10007