USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/23/2019

ZACHARY W. CARTER
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007-2601

Iván A. Méndez, Jr.
*Senior Counsel*
Phone: (212) 356-2450
Fax: (212) 356-8760
Email: imendez@law.nyc.gov

**MEMORANDUM ENDORSED**

May 1, 2019

**By ECF**
Honorable Gregory H. Woods
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 12C
New York, NY 10007-1312

   Re: Emilio Gonzalez v. The City of New York et al.,
     17-CV-6518 (GHW)(HBP)

Dear Judge Woods:

   I am the Assistant Corporation Counsel assigned to represent Defendants in the above-referenced matter. I write to address Plaintiff's patently improper filing of a Fourth Amended Complaint at 11:40 p.m. on Saturday April 27, 2019, and to request that the Court strike the pleading, or, in the alternative, permit Defendants to re-depose Plaintiff. Plaintiff's addition of over one hundred paragraphs of new, and never-before-heard-of or testified-about allegations—not in four previous pleadings, not before administrative tribunals, not before investigative units, and not in his deposition testimony in this case—is contrary to the Court's directive and plans for scheduling defendants' summary judgment motion, if not abuse of process. It should be struck as outrageously harmful and prejudicial at this late stage of the litigation.

  **A. Background and Plaintiff's Repeated Disregard of this Court's Orders**

   More than one year ago, on March 9, 2018, Defendants filed their first motion to dismiss what was then Plaintiff's original amended complaint. See ECF Docket No. 44. Pursuant to the Court's January 24, 2018 Memo Endorsement, Plaintiff's opposition papers to Defendants' motion were to be filed 21 days later, or on March 30, 2018. Id. at No. 43. Plaintiff neither opposed the motion nor sought a timely extension of time to respond from the Court, and on April 2, 2018, Defendants requested that the Court deem the motion unopposed. See ECF Docket No. 47. The Court subsequently held a conference on April 4, 2018, and granted Plaintiff leave to make a motion to amend his complaint. See ECF Docket No. 49. The Court also admonished Plaintiff about the importance of adhering to Court-ordered deadlines, and that Plaintiff should not continue to proceed on the assumption that the Court would grant extensions of time that are not made in a timely fashion. Plaintiff filed his motion to amend, which the Court granted on April 17, 2018. See ECF Docket No. 52. Plaintiff filed his second amended complaint the following day. See ECF Docket No. 53.

Nine days later, on April 27, 2018, Defendants wrote to the Court seeking leave to file a motion to dismiss the second amended complaint. See ECF Docket No. 54. The Court held a pre-motion conference concerning the Defendants' proposed motion on May 2, 2018, and Plaintiff indicated that he wanted to further amend the complaint to potentially include a claim related to his recent termination in employment. Defendants stated that they would not oppose such an amendment, and the Court ordered Plaintiff to file his amended pleading by no later than May 16, 2018. No complaint having been filed by plaintiff eight days past the Court-*ordered* deadline, Defendants wrote to the Court and asked that Plaintiff not be permitted to further amend his complaint. See id. at No. 65. Despite Plaintiff's second disregard of the Court's orders in two months, the Court permitted Plaintiff to belatedly file a third amended complaint—his fourth pleading in this matter.[1] Plaintiff filed the Third Amended Complaint on June 1, 2018, and on June 21, 2018, Defendants moved to dismiss the Third Amended Complaint. Id. at No. 76, 84.

### B. Decision Concerning Motion to Dismiss Third Amended Complaint, and April 1, 2019 Telephonic Conference

By Memorandum Opinion and Order dated March 28, 2019, the Court granted the vast majority of Defendants' motion to dismiss the Third Amended Complaint, but, despite the Plaintiff having had four prior opportunities to submit the operative complaint, the Court gave plaintiff yet a *fifth* opportunity to file such complaint. See ECF Docket No. 105.

On April 1, 2019, the Court held a telephonic conference to discuss the Defendants' then-pending motions to compel and for sanctions, as well as scheduling Defendants' anticipated summary judgment motion in light of the Court's March 28, 2019 decision concerning Defendants' Motion to Dismiss the Third Amended Complaint. During the conference, the Court asked counsel for Plaintiff to "do his best to make an early determination regarding whether or not he expects to or wishes to accept the Court's invitation to amend those aspects of the complaint [that were dismissed by the Court]." See Transcript of April 1, 2019 conference ("4/1/19 Tr."), annexed hereto as Appendix A, at 4:1-4. Counsel for Plaintiff represented to the Court that "[w]ithin several days we should be able not to make the action, but to decide whether we will or will not [amend the complaint]…seven days from now." Id. at 5:1-3. The Court summarized these representations by stating: "at this point [counsel] has told us that he expects to make a decision regarding whether he expects to amend the complaint within a week, that's very helpful. I expect that we will see a letter to that effect within a week from today." Id. at 6:1-3 (emphasis added).

Following the conference, the Court also issued an order as follows: "No later than April 10, 2019, Plaintiff is ordered to return all of the documents in question to the Defendants *and* certify that any copies of these documents have been destroyed." See ECF Docket No. 106 (emphasis added). Five days after the deadline *ordered* by the Court, and following multiple reminders by the undersigned, Plaintiff finally certified the destruction of the

---

[1] Plaintiff also disregarded the Court's instructions to maintain the status quo concerning a series of documents that were the subject of defendants' motion to compel and for sanctions, by filing some of those very documents in opposition to defendants' motions, a move that led to this Court's *sua sponte* sealing of those documents. See ECF Docket No. 79.

**Hon. Gregory H. Woods, USDJ**
Emilio Gonzalez v. City of New York et al.,
17 Civ. 6518 (GHW)
Page 3 of 4

records at issue. See ECF Docket No. 107. Defendants note, however, that no copies of such documents were returned to Defendants, despite the Court's order directing such return. See ECF Docket No. 106.

On April 11, 2019, several days *after* the date that Plaintiff represented to the Court as the date by which Plaintiff would notify the Court and Defendants of his intent with respect to repleading, Plaintiff, via counsel, wrote to me the following: "Ivan: I looked but did not see whether the court wanted me to advice [sic] the court or you whether or not plaintiff intends to file a Third Amended Complaint? KC" See 4/11/19 E-mail Correspondence, annexed hereto as Appendix B. The undersigned immediately responded: "My notes indicate that you were to write to the Court outlining what, if anything you intend to replead. The letter was to be filed by ECF." Id. Counsel for Plaintiff replied a few minutes later, stating: "Thanks." Id. Thus, Plaintiff was unequivocally aware of his obligation to apprise the Court and Defendants of his intent with respect to re-pleading his claims.

Despite this, and consistent with his prior documented disregard of this Court's directives and orders, Plaintiff simply ignored his commitments to the Court and to Defendants, did not file the letter that the Court had directed him to file, and instead filed an 11th hour fourth amended complaint at 11:40 p.m. on Saturday April 27, 2019. That pleading can only be characterized as prolix, scandalous, and replete with falsehoods,[2] many of which contradict the Plaintiff's own deposition testimony. The majority of Plaintiff's new allegations were not included in any of his prior four pleadings, his administrative complaints to the EEOC, the Comptroller's Office, the City's Department of Investigation, or mentioned in his deposition.

Defendants shared with the Court the sense that "I don't expect that counsel for Plaintiff will necessarily be moving to amend the complaint with respect to the dismissed claims." 4/1/19 Tr. at 3:15-17. Rather than streamlining this action and narrowing the issues to be decided on summary judgment—or, to be generous, even more precisely pleading the claims that were dismissed—which was Defendants' purpose in making such a motion while discovery proceeded—the Plaintiff's voluminous and rambling Fourth Amended Complaint has had the opposite effect. Instead of being tailored to comport with the Court's decision on the motion to dismiss, it adds hundreds of never-before-heard allegations that, in fairness to Defendants, will require the re-deposition of Plaintiff, and will necessitate more than the 14 days allotted by the Federal Rules of Civil Procedure to answer. Many of these allegations bear no relevance whatsoever to Plaintiff's claims, and appear to have been included for inflammatory purposes, and to embarrass several of the individually-named defendants.

In light of the foregoing, Defendants respectfully request that Plaintiff's improper and prolix fourth amended complaint be stricken. In the alternative, Defendants request

---

[2] Defendants note that Administrative Law Judge Noel R. Garcia, who decided Plaintiff's disciplinary case, convicted him of falsifying time sheets, and noted, among other things, that "[a]s a claims examiner, respondent holds a position that requires a high standard of integrity and trust given that his work responsibilities included adjusting claims against the City of New York. . . . **Respondent's actions suggest dishonesty because while he was allegedly incapacitated and on FMLA leave, he was able to travel to Florida and operate a personal watercraft**." OATH Report & Recommendation, available at http://archive.citylaw.org/wp-content/uploads/sites/17/oath/17_cases/17-1883.pdf, at 13 (emphasis added).

**Hon. Gregory H. Woods, USDJ**
<u>Emilio Gonzalez v. City of New York et al.</u>,
17 Civ. 6518 (GHW)
Page 4 of 4

permission to file their Answer by May 31, 2019, and request leave to re-depose Plaintiff sometime within the next three weeks.

        We thank the Court for its consideration of this request.

                                      Respectfully submitted,

                                      Assistant Corporation Counsel

cc:    LAW OFFICES OF K.C. OKOLI, P.C.
        *Attorneys for Plaintiff*
        Att: Kenechukwu Chudi Okoli (By ECF)

> Application granted in part.  Defendants' motion to strike the fourth amended complaint is denied. Defendants are granted leave to re-depose Plaintiff.  Counsel for Defendants' deposition of Plaintiff, if any, should occur no later than June 14, 2019.  The deadline for Defendants to answer or otherwise respond to the complaint is extended to June 24, 2019.  The Clerk of Court is directed to terminate the motion pending at Dkt. No. 111.

SO ORDERED.

Dated: May 23, 2019                             GREGORY H. WOODS
New York, New York                      United States District Judge