

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/28/2019



# MEMORANDUM ENDORSED

**ZACHARY W. CARTER**
*Corporation Counsel*

T**HE** C**ITY OF** N**EW** Y**ORK**
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007-2601

*Iván A. Méndez, Jr.*
*Senior Counsel*
Phone: (212) 356-2450
Fax: (212) 356-8760
Email: imendez@law.nyc.gov

June 24, 2019

**By ECF**
Honorable Gregory H. Woods
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 12C
New York, NY 10007-1312

   Re: Emilio Gonzalez v. The City of New York et al.,
      17 Civ. 6518 (GHW)

Dear Judge Woods:

   I am the Assistant Corporation Counsel in the office of Zachary W. Carter, Corporation Counsel of the City of New York, attorney for Defendants in the above-referenced action. Defendants write, pursuant to the Court's May 23, 2019 Order,[1] to respectfully request a pre-motion conference regarding their anticipated motion for summary judgment.

   Plaintiff brings this action under 42 U.S.C. §§ 1981, 1983, and the New York City Human Rights Law ("NYCHRL"). Plaintiff, who self-identifies as a "Latino-American Male of Puerto-Rican descent," alleges claims of race and disability discrimination, that he was subjected to a hostile work environment and denied due process, and that he was retaliated against because, he further claims, he witnessed and reported purported unlawful practices at the Comptroller's Office with respect to the settlement of cases against New York City and he refused to terminate a black employee.

   As the Court is aware, the Defendants moved to dismiss what was then the Plaintiff's Third Amended Complaint and the Court granted most of the Defendants' motion,[2]

---

[1] In its Order, the Court ruled that: "[t]he deadline for Defendants to answer *or otherwise respond* to the complaint is extended to June 24, 2019." See ECF Docket No. 111 (emphasis added). Defendants understood this direction to give the Court's permission for Defendants to request a pre-motion conference, if Defendants determined that they had a viable basis for a summary judgment motion. As outlined in this letter, defendants have determined that the record supports such a motion.

[2] The Court dismissed Plaintiff's § 1981 claims *with* prejudice (see Docket No. 105 at 10), but Plaintiff has inexplicably re-asserted those claims in his current pleading. See Fourth Amended Complaint, ¶¶ 1, and Second, Sixth, and Seventh Causes of Action.

but permitted plaintiff to interpose a Fourth Amended Complaint (his fifth pleading in this action). See ECF Docket No. 110. After Plaintiff filed this fifth pleading, to which he added over one-hundred new allegations, Defendants sought to strike the pleading or, in the alternative, re-depose Plaintiff prior to moving for summary judgment. The Court denied the motion to strike, but allowed Defendants to re-depose Plaintiff. Id. at No. 111. Defendants re-deposed Plaintiff on June 12, 2019.

Defendants now respectfully request a pre-motion conference with respect to their anticipated motion for summary judgment. Defendants seek the dismissal of Plaintiff's claims for substantially the same reasons as they moved to dismiss the Third Amended Complaint; namely, that: (1) there is no nexus between any of the purported adverse conduct of which Plaintiff complains, and any discriminatory or retaliatory animus; (2) Plaintiff's claims against the Individual Defendants in their official capacities and against the City of New York are fatally flawed because Plaintiff cannot point to record evidence showing that the purported constitutional violations resulted from a municipal policy or custom; (3) any remaining claims against the Individual Defendants must be dismissed because Plaintiff lacks evidence of these individuals' personal involvement in any purportedly discriminatory or retaliatory conduct; and (4) Plaintiff's First Amendment Retaliation claims are fatally flawed because Plaintiff raised the issue of the alleged mishandling and mismanagement of claims pursuant to his enumerated official duties as a Division Chief, not as a citizen.

Beyond these grounds, Defendants also anticipate moving for summary judgment on the ground that the law of the case (as well as the Second Circuit precedent cited in Defendants' prior motion to dismiss) bar Plaintiff's § 1981 claims. And, critically, that Administrative Law Judge Noel Garcia's findings of fact in Plaintiff's Disciplinary Hearing are entitled to collateral estoppel, effectively barring all of Plaintiff's claims. See, e.g., University of Tennessee v. Elliott, 478 U.S. 788, 798 (1986) ("[W]hen a state agency acting in a judicial capacity resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate, … federal courts must give the agency's fact-finding the same preclusive effect to which it would be entitled in the State's courts.") (quotations omitted); Dudzik v. City of N.Y., 2003 U.S. Dist. LEXIS 1287, at *24 (S.D.N.Y. Jan. 21, 2003) (Dismissing § 1983 claims, among other things, "[b]ecause of the collateral estoppel effect accorded to the factual determinations made at the OATH administrative hearing concerning the propriety of plaintiff's suspension.").

For the reasons stated above, Defendants anticipate filing a motion for summary judgment.  Defendants respectfully request that the Court schedule a pre-motion conference to discuss this proposed motion.

cc:
LAW OFFICES OF K.C. OKOLI, P.C.
*Attorneys for Plaintiff*
Att: Kenechukwu Chudi Okoli (By ECF)

Respectfully submitted,

/s/ Iván A. Méndez, Jr.
Assistant Corporation Counsel

---

Application granted.  The Court will hold a telephonic pre-motion conference on the Defendants anticipated motion for summary judgment on July 9, 2019 at 3:00 p.m.  The parties are directed to call Chambers (212-805-0296) at that time with all parties on the line.  The Clerk of Court is directed to terminate the motion pending at Dkt. No. 115.
SO ORDERED.

Dated: June 27, 2019
New York, New York

GREGORY H. WOODS
United States District Judge