LAW OFFICES OF K.C. OKOLI, P.C.
330 SEVENTH AVENUE, 15TH FLOOR
NEW YORK, NEW YORK 10001
(212) 564-8152
_____

TELECOPIER (212) 268-3443

June 29, 2019

**BY ECF**

Honorable Gregory H. Woods
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 2260
New York, New York 10007-1312

        Re:    *Gonzalez v. City of New York, et al.*
                 *Docket No. 17-cv-6518 (GHW)*

Dear Judge Woods:

     I am attorney for the Plaintiff in this matter. I submit this letter in response to the purported pre-motion letter of counsel for the defendants, Assistant Corporation Counsel Ivan A. Mendez, dated June 24, 2019. (Dkt. 115).

     I may be mistaken, but the Court's Individual Rules of Practice in Civil Cases (Revised: June 12, 2017) ("Individual Rules") give plaintiff, as the opposing party to the proposed motion, "five days after the request is received" to submit his own letter setting forth his position. <u>See</u> Individual Rules, Section 2(C )(i). Defendants' pre-motion letter is not on consent. And since the pre-motion letter was filed on June 24, 2019 i.e. received on June 24, 2019, my understanding is that plaintiff has until June 29, 2019 to file his own letter. Before plaintiff's time was up, I received the Court's order of June 28, 2019 granting permission for the conference. (Dkt.# 116).

     Notwithstanding the Court's order (Dkt. 116), I hereby submit plaintiff's position on the pre-motion conference. First, Mr. Mendez's purported understanding that the Court's order of May 23, 2019 is permission by the Court "for Defendants to request a pre-motion conference, if Defendants' determined that they had a viable basis for a summary judgment motion" is disingenuous for the reasons which will appear hereunder.

     The Court will recall by a four-page letter motion dated May 1, 2019, Defendants requested the Court to strike the **Fourth** Amended Complaint or permit them to re-depose plaintiff. (Dkt.# 111).This letter motion was very detailed in the reasons advanced for the relief which Defendants were seeking. In response to Defendants' motion, the Court issued the May 23, 2019 Order by which it denied the motion to strike but granted Defendants permission to re-

Honorable Gregory H. Woods
United States District Judge
June 29, 2019
Page 2


depose plaintiff **no later than June 14, 2019**. So, the Court had ample opportunity to review both the Fourth Amended Complaint and Defendants' motion directed at said pleading when it issued its Order of May 23, 2019.. And Defendants clearly understood the Court's Order. They re-deposed plaintiff on June 12, 2019 within the given deadline.

The Court further ordered thus: "The deadline for Defendants **to answer or otherwise respond to the complaint** is extended to June 24, 2019." (Emphasis added. The Court's order is so clear that it is incapable of misinterpretation, and Defendants understood it as I shall show hereinafter. On June 19, 2019, Mr. Mendez sent me an email in which he requested "2 **weeks to answer** from next Monday 6/26." (Emphasis added). Because of a few things that had occurred in this matter, I had to run Mr. Mendez's request for extension by Mr. Gonzalez for his approval. Mr. Gonzalez refused to consent and reminded me that Mr. Mendez had opposed our application to extend expert discovery. Thus, plaintiff was denied the ability to use an economic expert in this litigation.

The next day, being June 20, 2019, I responded to Mr. Mendez's email telling him that Mr. Gonzalez objects to giving Defendants additional time. Based upon Mr. Mendez' request for two weeks extension to answer, and the denial of that request, I fully expected him to file his Answer to the Fourth Amended Complaint no later than July 24, 2019. In fact, the tenor of Mr. Mendez's request suggests that he did not plan to file a motion but wanted time to simply answer the Fourth Amended Complaint. Surprisingly, on June 24, 2019, the deadline, he came up with a new understanding of the Court's Order of May 23, 2019. Mr. Mendez's request for a two-week extension to answer clearly shows that he understood that he had to answer or file a motion by June 24, 2019; not that he could file a pre-motion letter by that date. This pre-motion letter is another underhand way of seeking extension of time to file a motion for summary judgment which should have been filed by the extended deadline of June 24, 2019 if Defendants wanted to file one.

Defendants' claim that ALJ Garcia's findings of fact preclude the claims herein is ludicrous. It is noteworthy that Mr. Mendez did not identify what those preclusive findings of facts are. The hearing before OATH did not concerning *unlawful discrimination or retaliation*. Nowhere in the findings of fact of ALJ Garcia did he address the issue of discrimination or retaliation which Mr. Gonzalez is claiming in this litigation. Defendants also cited *Tennessee v,. Elliot*, 478 U.S. 788, 798 (1986) as supporting their position. Nothing could be farther from the truth. In *Tennessee*, the claim before the state administrative agency was race discrimination, unlike Mr. Gonzalez' case before OATH. Plaintiff was not taken to OATH on the issue of discrimination or retaliation, and these issues were not litigated before OATH. Reference is also made to *Dudzik v. City of N.Y.,* 2003 U.S. Dist. LEXIS 1287, at *24 (S.D.N.Y. Jan. 21, 2003). *Dudzik* does not accord with *Hill v. Coca Cola Bottling Co*., 786 F. 2d 550 (2d Cir. 1986), and cannot be considered good law. Hill was not collaterally estopped from raising his discrimination

Honorable Gregory H. Woods
United States District Judge
June 29, 2019
Page 3

claims before the District Court. In Hill, it was held that a finding of "just cause" for termination does not necessarily negate a subsequent finding of discrimination. An even greater obstacle which Defendants have is that the OATH findings against plaintiff were never <u>judicially confirmed</u> as must be the case before they can constitute collateral estoppel against him in New York courts.

                                        Respectfully submitted,

                                        */s/ K.C. Okoli*
                                        K.C. Okoli

cc:     Ivan A. Mendez, Jr. ACC (By ECF)